**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**NATHANIAL WEBBER**                                           **CIVIL ACTION**

**VERSUS**                                                               **NUMBER: 22-910**

**LESON CHEVROLET COMPANY, INC.**                    **SECTION: "T" (5)**

<u>**ORDER AND REASONS**</u>

On May 29, 2024, this Court issued a Rule to Show Cause why Plaintiff's counsel, JP Gorham, should not be sanctioned for repeatedly violating the orders of this Court by (1) failing to appear at court-ordered proceedings and (2) unreasonably and vexatiously multiplying these proceedings by virtue of the filing a motion for sanctions and through her routine abuse of process in ignoring or otherwise failing to comply with court-ordered deadlines.  (Rec. doc. 100).  The Court scheduled a hearing on the matter and provided that Gorham could file a written brief addressing the issues raised in the show-cause order, which she did. (Rec. doc. 104-2).[1] Also, as permitted by the Court, Defendant, Leson Chevrolet, filed a response to that brief.  (Rec. doc. 106).

The Court held a hearing on June 20, 2024 and took the matter under advisement. (Rec. doc. 107).  After thoroughly considering the procedural history of the case, the parties' briefs, and the argument of counsel, the Court rules as follows.

---

[1] That brief did more than simply address those issues, which will be discussed in more detail below.

**A. How We Got Here – The Tortured Procedural History of this Case**

The story here begins with the scheduling of Defendant's Rule 30(b)(6) deposition. The entire saga was described by the Court in the Order setting the Rule to Show Cause and it need not be repeated here.  To summarize, a dispute arose over where the deposition would take place – in the Middle or Eastern District of Louisiana.  Despite receiving numerous emails from Defense counsel (properly) insisting that the deposition go forward in this District (the forum district where both parties also happen to be located), Gorham noticed the deposition to take place in Baton Rouge, in the Middle District of Louisiana.  (Rec. doc. 51-3).

On the eve of that deposition, Defendant filed a motion for protective order, objecting to appearing in Baton Rouge, and sought expedited review.  (Rec. docs. 51, 52).  Because the deposition was set to take place the next day and the next day was the agreed-upon discovery deadline, the Court convened a telephone conference with the hope of resolving the dispute as expeditiously as possible.

At the conference, and as reflected in the Court's Minute Entry, the Court directed that the deposition proceed on April 10, 2024, at a mutually-agreeable location in the Eastern District of Louisiana.  (Rec. doc. 56).  To provide Gorham a full opportunity to complete the record in opposition to Leson's motion, however, the Court also permitted her to file a brief no later than Friday, April 12, 2024 to address the arguments made by Defendant in its motion papers.  (*Id.*).

When Gorham filed that brief on behalf of Plaintiff, she accompanied it with an altogether unexpected motion for sanctions (or something that purported to be a motion for

sanctions).  (Rec. doc. 71).[2]  After being ordered to do so by the Clerk's office, Gorham re-filed the motion, which was ultimately set for oral argument on May 23, 2024.  (Rec. doc. 83). She then failed to appear at the May 23 hearing on her motion.  (Rec. doc. 100).

As a result of her non-appearance, the Court issued its Order and Reasons and Rule to Show Cause.  As for the sanctions motion, the Court denied that motion, <u>both</u> owing to counsel's failure to appear at the oral argument <u>and</u> on the merits.  (*Id.* at 5-9).  On the merits, the Court found that the deposition transcript attached to the motion failed to demonstrate misconduct by Defense counsel, either in the nature or frequency of his objections.  (*Id.*).  As to the suggestion that Defense counsel be sanctioned for failing to attend the deposition that Gorham had noticed to take place in the wrong district, the Court observed:

> As wasteful and inefficient as it was for Plaintiff's counsel to go through the motions of convening a Baton Rouge deposition under the circumstances, moving for sanctions against Leson and its counsel for their failure to appear at this show proceeding is more so, particularly given the fact that the Court had already ruled on the impropriety of noticing that deposition in another District.

(*Id.* at 7-8).

Finally, concerning Gorham's complaints that she and her client had been subjected to "surveillance" and confined against their will at Defense counsel's office during a previous deposition and that Defense counsel had verbally berated and yelled at her during the 30(b)(6) deposition, the Court found these to be completely unsupported by any evidence in the record.  (*Id.* at 5-7).

---

[2]  That motion was entitled "Ex parte/Consent Motion for Sanctions" and was marked "deficient" by the Clerk's office and stricken from the record because no memorandum in support was included as required by the Court's local rules.  (*See* NOTICE OF DEFICIENT DOCUMENT entered in the record on April 22, 2024).

Coming out of all this, the Court issued its Order and Reasons and Rule to Show Cause directing Gorham to appear and show cause why she should not be sanctioned for her third non-appearance in this case and for filing the motion for sanctions.

### B. The Rule to Show Cause and Related Briefing

In response to the aforementioned Order, Gorham filed a pleading entitled "Response to the Court's Order and Reason's [sic] and Rule to Show Cause (Rec. doc. 100) and Memorandum in Support of Motion for Objections." (Rec. doc. 104-2). Apparently, Gorham intended to both respond to the Court's Order setting the Rule to Show on possible sanctions and, simultaneously, object to that same Order. Based on the fact that the District Judge referred the entire matter to me, and considering the substance and tenor of the brief, I construed this pleading as a motion for reconsideration of the motion for sanctions, combined with a response to the setting of the rule to show cause on the sanctions issue.[3]

To be kind, Gorham's brief was long on grievance and exceedingly short on self-awareness – especially for a lawyer with what is very close to an unprecedented history of failing to appear at court-mandated conferences and hearings. Employing exceedingly pointed (if not inflammatory) language, Gorham objected repeatedly to the Court's suggestions that her latest affront to court orders might be sanctionable. To wit, she was "profoundly offended" that I "manipulated" the record to portray her as "dishonest and unprofessional." (Rec. doc. 104-2 at 2). She accused the Court of "inequitable treatment" because I insisted upon putting her to her proof (and actually showing up) in making various scandalous allegations against co-counsel.

---

[3] The pleading was also devoid of any reference to Federal Rule of Civil Procedure 72 or any of the criteria for disturbing a Magistrate Judge's decision on non-dispositive issues.

In sum (and without belaboring the issue), counsel took zero responsibility for failing to appear for a <u>third</u> time in this one case.

Moreover, she continued to aggressively attack the professionalism of her opponent, despite the Court having disposed of her motion for sanctions against him.  For instance, she wrote:

> It is further deeply concerning and distressing to observe the Court's portrayal and harsh characterization of my conduct as Plaintiff's counsel, especially when juxtaposed against the leniency shown towards the Defendant's counsel's clear and blatant unprofessional behavior.

(*Id.*).  Predictably, then, Defense counsel felt compelled to file a response memorandum to address these continuing broadsides.  (Rec. doc. 106).

Following the filing of these pleadings, the hearing on the Rule to Show Cause went forward.

At that hearing, the Court made a number of things clear.  First, that the tone of Gorham's attacks on opposing counsel was beyond the pale, especially for a lawyer who was being made to explain why she herself shouldn't be sanctioned for missing multiple court-ordered hearings and conferences:

> THE COURT:  I don't find that the language that you have used in these briefs to describe the conduct of your opposing counsel to be respectful in the least.  It is the opposite of respectful.
>                              . . . .
> When you accuse a lawyer of that level of [un]professionalism, you've got to come with proof, and you haven't done that.
>                              . . . .
> The other thing I want to suggest to you is that – I remember somebody telling me this when I was a lawyer.  Once you finish writing your brief, put it to the side, and then reread it before you file it.  Because there's a lot of stuff in these briefs that shouldn't be here.  Particularly in a brief that's responding to a rule to show cause why you shouldn't be sanctioned for violating court orders. . . .

(Rec. doc. 113 at 9).

Second, the Court made clear (or thought it had) that it was not going to revisit the merits of the previously denied motion for sanctions, both because Gorham had failed to support her allegations in her briefs <u>and</u> had subsequently failed to appear at the hearing on the motion:

> THE COURT: . . . . But when you move to the next level and somebody is screaming at you and yelling at you and hovering over you and intimidating you, I need proof of that.
> MS. GORHAM: I can provide you proof.
> THE COURT: The ship has sailed.  Okay?  This is a motion for reconsideration.  The record is what the record is, and we're not going to keep relitigating this issue.

(*Id.* at 15-16).  And, while the Court took counsel to task for her rhetorical tone, I also advised her that it would not sanction her for filing the motion <u>in the first place</u>.

As to the submission by Defendant of its request for reasonable fees and costs, the Court permitted Gorham to file a supplemental memorandum addressing the reasonableness of that request (which she had not done in a reply brief in advance of the hearing).  When the Court indicated at the hearing it would allow this briefing, Defense counsel raised concerns that the supplemental briefing would continue Plaintiff's counsel's pattern of engaging in ad hominem attacks on him.  The Court responded that Gorham should have already received the message that such attacks wouldn't be tolerated:

> THE COURT: I think I have spoken to what I – I mean, I've said something to Counsel that I don't know that I've ever said before, which is re-read what you're going to file and tone it down so that it's respectful and not inflammatory.  We don't need any more of that.
> MR. BEEBE: That's right.  And, Judge, I only point this out because this was not the first time.  Again, it becomes a repeat behavior.
> THE COURT: That's why I'm addressing it now.

. . . .

> MR. BEEBE: Thank you, Your Honor.  I'm attempting to avoid
> that we have any more vitriol.
> THE COURT: I've just spent 15-20 minutes doing the same thing.
> MR. BEEBE: Very good.
> THE COURT: I feel like Ms. Gorham is hearing what I'm saying.

(*Id.* at 19).

It seems that Gorham was not hearing me at all.

## C.  The Supplemental Briefing

Rather than contain herself to traversing Defense counsel's fee submission (as I had directed), Gorham used the opportunity to double down on her already-dismissed complaints that Defense counsel engaged in unethical and unprofessional conduct, locked her and her client in his office for 15 minutes during a break in a deposition, and created a "disturbing surveillance environment" in and around that same deposition.  (Rec. doc. 108). She then went next-level, attaching declarations under penalty of perjury from herself and her client stating that her allegations of nefarious conduct by Defense counsel were all true. (*Id.*).  This was all in the face of the Court explaining that (1) the motion would not be revisited, (2) her opportunity to present such evidence had long since passed, and (3) her attacks on counsel were both unsupported and inflammatory.

Gorham has clearly not heard the Court.  This is frustrating to say the least.  It is also a serious problem for someone before the Court for possible sanctions for serially missing and/or ignoring deadlines across multiple cases.  Both the underlying conduct (those missed engagements) and her responses to being ordered to explain that conduct make it clear to the Court that further sanctions are not only warranted, but necessary.

**D.  Sanctions**

There are numerous mechanisms by which district courts exercise sanction powers, including the Federal Rules of Civil Procedure (through Rules 11, 16, 26, 30 and/or 37); 28 U.S.C. §1927; and the inherent power of the courts to manage their own proceedings and to control the conduct of those who appear before them.  Regardless of the source, it is well-established that the primary purpose of sanctions is to deter frivolous litigation and ongoing and future abusive tactics.  *See, e.g.*, Fed. R. Civ. P. 30(d)(2).  Sanctions seek to deter both the culpable attorney and members of the bar in general.  *See, e.g., Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 126-27 (1989) (finding that the primary purpose of Rule 11 is deterrence, not compensation); *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988) ("the most important purpose of Rule 11 sanctions is to deter frivolous litigation and the abusive practices of attorneys"); Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 47(A) (2d ed.) (noting that the purpose of Rule 37 is four-fold: "(1) penalizing the culpable party or attorney; (2) deterring others from engaging in similar conduct; (3) compensating the court and other parties for the expense caused by the abusive conduct; and (4) compelling discovery"); *Id.* at § 20 (noting that the purpose of 28 U.S.C. § 1927 is to deter unnecessary delays in litigation).

Whether a district court exercises its sanctions authority under the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or its inherent power, it does so at its "broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993).  "The discretion vested in the trial court is granted so its thoughtful exercise will carry out the educational and deterrent functions of the rule[s]." *Jennings v. Joshua I.S.D.*, 948 F.2d 194, 199 (5th Cir. 1991).

Gorham's failures to appear are a Rule 16 problem.  The sanctions provision of Federal Rule of Civil Procedure 16 provides:

> (f) Sanctions.
> (1) *In General.*  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference; or
>> . . . .
>> (C) fails to obey a scheduling or other pretrial order.
>
> (2) *Imposing Fees and Costs.*  Instead of or in addition to any other sanction, the court <u>must</u> order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Pro. 16 (emphasis added).  It is pursuant to this framework that the Court considers the appropriate sanction for Gorham for what appears to be her habitual faliures to appear.

Beyond counsel's conduct in this case, the Court's analysis must also be informed by her history in this Court pre-dating this case.  As previously catalogued in its Order setting all of this for hearing, this is hardly counsel's first transgression when it comes to simply showing up.

To recap what has happened in the present case, Gorham's no-show at the hearing on her Motion for Sanctions was her third.  She failed to appear at the Court-ordered scheduling conference on August 16, 2023, prompting the District Judge to reset that hearing.  (Rec. doc. 34).  After the District Judge granted Plaintiff's motion to continue due to incomplete discovery and pending holidays, Plaintiff's counsel again failed to appear for the conference

set by the Court to select new dates.  (*Id.* at 1-2).  That caused the Court to issue an Order to Show Cause why the Plaintiff's case should not be dismissed.  (*Id.* at 2).  Plaintiff's counsel responded, citing numerous personal issues and scheduling mishaps as reasons for missing the two Court-ordered conferences, and the District Judge declined to take further action. (Rec. doc. 35).

A <u>sixth</u> Scheduling Order was issued by the District Judge, setting a deadline for Plaintiff to designate experts and issue reports by February 22, 2024.  (Rec. doc. 37).  The day before that deadline, Plaintiff filed an Ex Parte/Consent motion to extend the expert deadline a somewhat staggering three months, to May 22, 2024 (at that time, the trial was scheduled to begin June 10, 2024).  Now, against this unusual background of non-compliance with deadlines and other court orders, the Court must confront another non-appearance by counsel.

As noted above, in determining the appropriate sanction for these non-appearances, the Court must also consider counsel's history in this District of similar failures to appear. Her conduct in *Dunn v. Apache*[4] (for which she was sanctioned twice) was strikingly similar to (but even more egregious than) that displayed here.  Mindful of the goal of deterring future similar misconduct in assessing the appropriate sanction, a brief discussion of the relevant history of that case is appropriate then.

In *Dunn*, Gorham (who represented the plaintiff) failed to attend a telephonic status conference on March 8, 2019.  (No. 17-cv-12777, rec. doc. 62).  When the Court could not contact her, District Judge Ivan Lemelle issued an order re-setting the conference.  (*Id.*). Gorham failed to appear for that conference, failed to provide the Court with a contact

---

[4] *Dunn v. Apache Indus. Servs.*, No. 17-cv-12777 (E.D. La).

number, and was unresponsive to the Court's attempts to contact her.  (*Id.*, rec. doc. 63).
Owing to these failures, Judge Lemelle actually dismissed Plaintiff's case without prejudice.
(*Id.*).

Following the order of dismissal, Gorham filed a motion for relief and/or
reconsideration, suggesting that her failures to comply with court orders were due to
inadvertence and a technical issue with her phone.  (*Id.*, rec. doc. 64).  The Court granted that
motion and vacated its order of dismissal.  (*Id.*, rec. doc. 71).  In that order, the Court found
that, while counsel's "neglectful" conduct did not justify punishing an innocent plaintiff by
dismissing her case, a $200 monetary sanction on counsel was appropriate to deter future
misconduct.  (*Id.*).

It's become clear that such a sanction was not nearly sufficient to achieve the stated
goal of deterrence.

Following the actual dismissal of her client's case and a monetary sanction, Gorham
continued to violate and/or ignore Judge Lemelle's orders.  The record indicates that she
violated the scheduling order in that case by serving discovery requests late, (*id.*, rec. doc.
94), and failed to attend two more scheduling conferences ordered by the Court.  (*Id.*, rec.
docs. 134, 137-38).  As a result of these additional failures, the defendant filed a motion to
dismiss, citing lack of prosecution.  (*Id.*, rec. doc. 137).  In a seven-page "Order and Reasons"
citing counsel's record of "repeated failures to comply with court orders," Judge Lemelle set
the motion to dismiss for an evidentiary hearing.  (*Id.*, rec. doc. 139).

The Court conducted an evidentiary hearing and ultimately denied the motion to
dismiss, finding that a lesser sanction (than dismissal) was "appropriate to guard against

future failures to comply with Court Orders." (*Id.*, rec. doc. 155). That lesser sanction was $2,000, assessed against Gorham and payable to Defendant by November 29, 2021. (*Id.*).

Against this backdrop, the Court turns again to Gorham's record in <u>this</u> case. The first court-ordered conference Gorham missed in this case was August 16, 2023 – almost two years after being sanctioned $2,000 by Judge Lemelle in an effort to deter such future violations. As was the case with Judge Lemelle's initial $200 sanction, his subsequent $2,000 sanction clearly did not have had the desired or intended effect, as counsel has now missed three more court-ordered conferences or hearings in <u>this</u> case (to go along with the four from *Dunn*).

Compounding these failures, Gorham continues to ignore the Court's orders and directions concerning her ill-advised motion for sanctions and insists on continuing to aggressively litigate that motion and the issues raised therein, despite the Court very pointedly denying that motion and explaining at the June 20, 2024 hearing that her motion to reconsider would also be denied. (Rec. doc. 113).

Notably, the Court-ordered briefing in which Gorham was directed to address her non-appearances in this case was long on grievance and complaints about opposing counsel's conduct and the Court's treatment of her and very short on acceptance of responsibility, remorse, or anything approaching a mea culpa for routinely failing to appear.[5] She persists in re-litigating a losing cause (which consists entirely of attacks on opposing

---

[5] Finally, at the show-cause hearing, Gorham informed the Court that she was "deeply remorseful" for her non-appearances. (Rec. doc. 113 at 12). And in her post-hearing supplemental brief she wrote that she "has carefully considered her personal issues and is actively exploring measures to prevent them from interfering with her professional obligations." (Rec. doc. 108 at 2). The Court is encouraged by these statements.

counsel's professionalism), which requires opposing counsel to respond and, of course, requires the Court to continue to grapple with a denied motion.

Based upon all this, the Court finds that Gorham's third non-appearance in this case is a violation of Federal Rule of Civil Procedure 16 and that a sanction is appropriate for that violation. Unlike Rule 11, Rule 16 proscribes certain acts regardless of purpose or motivation. Failure to attend a scheduled hearing falls within this category – no doubt serial failures qualify. Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of the Rule. So long as the court is convinced counsel or her office received proper and timely notice, a negligent failure to attend the scheduled conference amounts to a violation of the Rule.

In addition to this violation, the Court also finds that Gorham's insistence on re-litigating the matters raised in her motion for sanction is a violation of 28 U.S.C. § 1927, which provides,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Gorham's Motion for Sanctions was denied due to her own non-appearance at the hearing on that motion as well as on the merits. (Rec. doc. 100). At the oral argument on her "Motion for Objections to the Magistrate's Order and Rule to Show Cause," the Court made it abundantly clear that the time for trying to support those arguments had passed and warned counsel against continuing to lash out at opposing counsel. (Rec. doc. 113, *passim*). The Court even short-circuited Defense Counsel's argument with this closing observation:

> MR. BEEBE: Thank you, Your Honor. I'm attempting to avoid that we have any more vitriol.
> THE COURT: I've just spent 15-20 minutes doing the same thing.
> MR. BEEBE: Very good.
> THE COURT: <u>I feel like Ms. Gorham is hearing what I'm saying</u>.

(*Id.* at 19) (emphasis added).  The Court was wrong about that last bit, given that Gorham followed up immediately with yet another pleading doubling down on her attacks on counsel's professionalism and taking the additional step of including declarations made under penalty of perjury repeating those same attacks.

This is all wasteful in the extreme.  The Court finds that Gorham's conduct along this continuum rises to the level of conduct that has unreasonably and vexatiously multiplied the proceedings, in violation of Section 1927.

Finally, the Court turns to an appropriate sanction.  Rule 16 authorizes monetary and non-monetary sanctions, whereas Section 1927 authorizes only monetary sanctions in the form of excess costs, expenses, and attorneys' fees reasonably incurred because of the conduct being sanctioned.   Here, Defense counsel has requested $3,500 in reasonable attorney's fees.  (Rec. doc. 106).  As a direct result of the motion for sanctions, Gorham's non-appearance, and her continuing efforts to re-litigate a lost cause, the Court notes that Defense counsel has been required to file three separate memoranda and appear at two different live hearings.  (Rec. docs. 82, 106, 111).  This is not to mention the amount of time the Court has been forced to expend on all this.

Whether a court wields its sanction powers under the Federal Rules, 28 U.S.C. §1927, or its inherent power, it does so at its "broad discretion." *Topalian*, 3 F.3d at 934.   "The discretion vested in the trial court is granted so its thoughtful exercise will carry out the educational and deterrent functions of the rule." *Jennings*, 948 F.2d at 199.

Concerning the fashioning of an appropriate sanction on a case-by-case basis, the Fifth Circuit has stated,

> Under this circuit's precedent, we have required that the district court use "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir.1997); *see also Topalian*, 3 F.3d at 937 (holding that district courts must show that "sanctions are not vindictive or overly harsh reactions to objectionable conduct, and that the amount and type of sanction was necessary to carry out the purpose of the sanctioning provision") (citation omitted).

*Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011).

In conducting this required analysis in this case, the Court cannot ignore Gorham's prior conduct and the fact that a $200 sanction followed by a $2,000 sanction for serial non-appearances before another judge in this District[6] did not have the intended effect of deterring future misconduct.

Based on all of the above, the Court finds that a sanction of $3,500, payable as attorneys' fees to Defense Counsel, is appropriate here. As noted, the amount of this sanction aligns, not only with the cost to Defendant and counsel, but also with the well-established goal of deterrence. Given the failure of a $2,000 sanction to achieve this goal, the Court must look beyond that figure.

No lawyer should have to be sanctioned three times. The Court sincerely hopes this is the last time that Gorham appears before any Court to answer for the type of shortcomings described herein. It certainly hopes that this sanction has the desired effect and that no court in the future has to consider more onerous sanctions against counsel.

---

[6] *Dunn*, No. 17-cv-12777 (E.D. La).

Accordingly, the Court hereby **DENIES** Plaintiff's "Motion for Objections to the Magistrate's Order and Rule to Show Cause." (Rec. doc. 102). The Court further orders that J.P. Gorham is sanctioned pursuant to Federal Rule of Civil Procedure 16 for repeated failures to appear at court-ordered hearings and conferences and pursuant to 28 U.S.C. § 1927 for multiplying the proceedings unreasonably and vexatiously by continuing to litigate and brief issues that were decided by the Court and no longer ripe for litigation. Gorham is hereby ordered to pay to Defense Counsel $3,500 in reasonable attorneys' fees. That payment shall be made no later than October 1, 2024, and Gorham shall notify the Court once the payment has been made in satisfaction of this Order.

New Orleans, Louisiana, this 26th day of August, 2024.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**