UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATHANIAL WEBBER | CIVIL ACTION |
| VERSUS | NO: 2:22-cv-910 |
| LESON CHEVROLET COMPANY, INC. | SECTION: T (5) |

## ORDER AND REASONS

Before the Court is Plaintiff's, Nathanial Webber, Objection to the Magistrate Judge's Order to Sanction Plaintiff's counsel, JP Gorum ("Gorum"), pursuant to Fed. R. Civ. P. 72. R. Doc. 121. For the following reasons, the Court **DENIES** the objection.

## BACKGROUND

This case originally concerned an alleged racially-discriminatory termination. Plaintiff filed this claim under Title VII of the 1964 Civil Rights Act against his former employer, Defendant Leson Chevrolet Company, Inc. ("Defendant" or "Leson Chevrolet"). R. Doc. 1.

During discovery, the parties attempted to schedule Defendant's Rule 30(b)(6) deposition. R. Doc. 51-1. According to Mark Beebe ("Beebe"), Defendant's counsel, the parties agreed to extend the discovery deadline with the understanding that the 30(b)(6) deposition of a representative from Leson Chevrolet would be held in the Eastern District of Louisiana, where Defendant is located. R. Doc. 51-4. The deposition was initially noticed to occur in New Orleans. *See* R. Doc. 82-2. However, Gorum re-noticed it to occur outside the district in Baton Rouge. R. Doc. 51-3. Beebe advised Gorum that Defendant objected and would not present its corporate designee outside the district. R. Doc. 51-4. Gorum did not respond to any of these communications,

1

instead maintaining by her silence that she intended to proceed in Baton Rouge. *Id.*

On the eve of the deposition, Defendant filed a motion for protective order, objecting to appearing in Baton Rouge, and sought expedited review. R. Docs. 51, 52. The Magistrate Judge scheduled a telephonic conference to resolve the dispute. At the conference, the Magistrate Judge directed that the deposition proceed on April 10, 2024, at a mutually agreeable location in the Eastern District of Louisiana. R. Doc. 56. The Magistrate Judge also allowed Plaintiff to note his objection to Defendant's motion for protective order but instructed Plaintiff to only "address the arguments made by Defendant in its motion papers." *Id.* Instead, Plaintiff also filed a motion for sanctions against Beebe along with his objections to the protective order. R. Doc. 71.

This pleading titled "Ex parte/Consent Motion for Sanctions" was marked deficient by the Clerk's office and stricken from the record because it did not include a memorandum in support as required by the Court's local rules. *See* R. Doc. 100 at 4. Plaintiff refiled the "Motion for Sanctions." R. Doc. 75. Again, Plaintiff failed to check the box to indicate the motion was *not* an ex parte/consent motion—a deficiency that was corrected by the Clerk's office. R. Doc. 76. Gorum later failed to appear for the scheduled May 23, 2024 oral argument. R. Doc. 83.

The Magistrate Judge subsequently denied Plaintiff's Motion for Sanctions. R. Doc. 100. The Magistrate Judge did not find any misconduct on the part of defense counsel during the deposition of Leson Rebowe on April 8, 2024. *Id.* at 5-9. The Magistrate Judge found Plaintiff's argument that Beebe should be sanctioned for failing to attend the improperly noticed deposition particularly concerning "given the fact that the Court had already ruled on the impropriety of noticing that deposition in another District." *Id.* at 7-8.

2

As a result of this history, the Magistrate Judge issued an Order to Show Cause why Gorum should not be sanctioned for "(1) failing to appear at court-ordered proceedings and (2) unreasonably and vexatiously multiplying these proceedings by virtue of the filing of the pending motion for sanctions and through her routine abuse of process in ignoring or otherwise failing to comply with court-ordered deadlines." *Id.* at 1. In Plaintiff's Objection to the Order to Show Cause, Gorum re-asserted reasons why Beebe should be sanctioned. R. Doc. 104-2. At the June 20, 2024 oral argument, the Magistrate Judge instructed he would treat the re-hashed arguments on Beebe's alleged misconduct as a motion for reconsideration. R. Doc. 113. He later denied the motion for reconsideration. R. Doc. 115.

The Magistrate Judge also sanctioned Gorum $3,500 for her third non-appearance, in violation of Federal Rule of Civil Procedure 16, and insistence on re-litigating matters raised in Plaintiff's Motion for Sanctions in violation of 28 U.S.C. § 1927. *Id*. The Magistrate Judge based the sanctions on "the cost to Defendant and counsel, but also with the well-established goal of deterrence." *Id.* at 15. Because Gorum had previously been sanctioned $2,000 and $200 by other judges in this district, the Magistrate Judge concluded that a $3,500 sanction would be the least onerous punishment. *Id.* Later, the District Court independently dismissed Plaintiff's claims with prejudice at summary judgment and awarded costs to Defendant. R. Docs. 119, 120. Plaintiff has appealed these orders. R. Doc. 136.

In the present filing, Plaintiff objects to the sanctions. Plaintiff argues: (1) Gorum's absence for the May 29, 2024, hearing was not made in bad faith, (2) the Magistrate Judge erred by failing to consider additional evidence of Beebe's alleged misconduct because he incorrectly treated

3

Plaintiff's Objection to the Order to Show Cause, R. Doc. 104-2, as a motion for reconsideration, and (3) the sanctions award is disproportionate, punitive, and not reasonable. R. Doc. 121.

## LAW & ANALYSIS

1. **Legal Standard**

The Court reviews the Magistrate Judge's Order, R. Doc. 115, under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides that "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. P. 72(a). "A finding is clearly erroneous only if it is implausible in light of the record considered as a whole." *Moore v. Ford Motor Co.*, 755 F.3d 802, 808 n.11 (5th Cir. 2014). "In order to meet this high standard, the district court must be 'left with a definite and firm conviction that a mistake has been committed.'" *Palmisano, LLC v. North American Capacity Insurance Company*, 2020 WL 1429857 (E.D. La. Mar. 24, 2020) (quoting *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 375 (E.D. La. 2012)). Otherwise, the Court must respect the "non-dispositive order [and] shall give it 'substantial deference.'" *Bass v. City of Jackson, Miss.*, No. 3:09-CV-549-CWR-FKB, 2012 WL 954882, at *1 (S.D. Miss. Mar. 20, 2012), *aff'd*, 540 F. App'x 300 (5th Cir. 2013).

2. **The Magistrate Judge Did Not Err When Ordering Sanctions Against Plaintiff's Counsel.**

Plaintiff first argues sanctioning Gorum is unwarranted because Gorum's absence for the May 23, 2024 hearing was not made in bad faith. R. Doc. 121-1 at 5-7. Plaintiff contends sanctions would "undermine [] Plaintiff's counsel's standing and credibility before the [] Court and [] wider

legal community." *Id.* at 4. Also, Plaintiff asserts the Magistrate Judge mischaracterized Gorum's behavior while "soften[ing] the serious nature of Defendant's counsel's actions." *Id.* Plaintiff further re-litigates his Motion for Sanctions by contending the Magistrate Judge overlooked or purposely misconstrued evidence regarding Beebe's alleged misconduct. *Id.* at 10-18.

Defendant argues that issuing sanctions against Gorum was not clearly erroneous, considering she missed three court appearances and vexatiously multiplied this litigation by relitigating previously-decided issues. R. Doc. 132 at 8. Defendant further maintains that Plaintiff does not cite any caselaw that undermines the Magistrate Judge's authority to impose sanctions under 28 U.S.C. § 1927 or suggests that such an award was clearly erroneous or contrary to law. *Id.*

The decision to grant sanctions is left to the sound discretion of the magistrate. *Bass*, 2012 WL 954882, at *1 (citing *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). A federal court has discretion to sanction an attorney under 28 U.S.C. § 1927 by ordering her to pay "excess costs, expenses, and attorneys' fees reasonably incurred because of" the attorney's misconduct. *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417 (5th Cir. 1994). Sanctions under 28 U.S.C. § 1927 must be predicated on actions that are both "unreasonable" and "vexatious." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). An attorney's "conduct is 'unreasonable and vexatious' if there is evidence of the 'persistent prosecution of a meritless claim' and of a 'reckless disregard of the duty owned to the court.'" *Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019) (quoting *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002))

5

A magistrate judge can also order sanctions pursuant to the Federal Rules of Civil Procedure. *See e.g., Schiff v. Ward*, No. 3:21-CV-01109-M, 2022 WL 18587806, at *3 (N.D. Tex. Dec. 19, 2022), report and recommendation adopted, No. 3:21-CV-01109-M, 2023 WL 1787162 (N.D. Tex. Feb. 6, 2023). Rule 16(f)(1) allows a court to order sanctions when an attorney "fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16; *S.E.C. v. First Houston Cap. Res. Fund, Inc.*, 979 F.2d 380, 381 (5th Cir. 1992). Whether a court exercises its sanctions authority under the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, or its inherent power, it does so at its "broad discretion." *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993).

Having reviewed the Magistrate Judge's Order (R. Doc. 115), the Parties' briefing, and the relevant record, the Court finds that no clear error was committed. The Magistrate Judge was well within his discretion to issue Rule 16(f) sanctions for Gorum's third non-appearance in this case. R. Doc. 115 at 13. Plaintiff does not dispute that Gorum missed (1) the August 16, 2023 scheduling conference, (2) the subsequent conference set by the Magistrate Judge to select new dates due to Gorum's absence (R. Doc. 34), and (3) the May 23, 2024 hearing on Plaintiff's Motion for Sanctions (R. Doc. 100). *See generally* R. Doc. 121-1. Arguments that these absences were not made in bad faith are irrelevant. The Court need not find that Gorum acted willfully to issue Rule 16(f) sanctions. *See, e.g., Barnett v. A S & I, LLC*, No. 3:13-CV-2464-BN, 2014 WL 4327904, at *3 (N.D. Tex. Sept. 2, 2014). Gorum's mere absences are sanctionable.

The Court likewise finds no clear error for ordering sanctions under 28 U.S.C. § 1927. Plaintiff does not dispute that Gorum continued to re-litigate issues originally raised in Plaintiff's Motion for Sanctions after it was denied. *See* R. Docs. 100, 104-2, 108, 113, 121-1, 140. In fact,

6

Gorum attempts to re-litigate such issues in this briefing. *See* R. Doc. 121-1 at 10-18; R. Doc. 140 at 2-3. These re-litigation attempts are vexatious because the Magistrate Judge made clear that arguments about Beebe's alleged misconduct (1) would not be revisited, (2) the opportunity to present such evidence had long since passed, and (3) the attacks on Beebe were both unsupported and inflammatory. *See* R. Doc. 113. Yet these arguments continue as Plaintiff persists in attacking "Defendant's counsel's dilatory behavior and misconduct." R. Doc. 140 at 4. Plaintiff's re-litigation is likewise unreasonable because Defendant's Motion for a Protective Order to ensure a deposition occurs within the district—after the Magistrate Judge instructed that such deposition must occur there—is patently not sanctionable. *See* R. Doc. 56. The motion sought to ensure compliance with the Magistrate Judge's directives. On the other hand, Gorum's persistent prosecution of a meritless claim is sanctionable under § 1927.

3. **The Magistrate Judge Could Treat Arguments Within Plaintiff's Objection to the Order to Show Cause, R. Doc. 104-2, as a Failed Motion for Reconsideration.**

Plaintiff also objects to the Magistrate Judge's decision to treat arguments pertaining to Beebe's alleged misconduct within Plaintiff's Objections to the Order to Show Cause, R. Doc. 104-2, as a motion for reconsideration. R. Doc. 121-1 at 21-22. He argues that, because the Magistrate Judge treated these arguments as a motion for reconsideration, the Magistrate Judge should have allowed Plaintiff to present "new evidence." *Id.* at 21. This "new evidence" is presumably the soundless video where Beebe stood up during the April 8, 2024, Leson Rebowe deposition. R. Doc. 121-9.

Defendant asserts there was no error in treating re-argued issues in Plaintiff's Objections

7

to Show Cause and the associated oral argument as a failed Motion for Reconsideration. R. Doc. 132 at 9. Because the Magistrate Judge previously denied Plaintiff's Motion for Sanctions on the merits, Defendant maintains, Gorum's continued attempts to re-litigate issues concerning the location of Beebe's conduct during the Leson Rebowe deposition is duplicative and warrants sanctions. *Id.* Moreover, Defendant contends Plaintiff continued the improper attacks against Beebe even after being cautioned to stop by the Magistrate Judge. *Id.*

Courts routinely treat a party's subsequent attempts to re-litigate a court's order as a motion for reconsideration. *See e.g., Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A. 03-1496, 2004 WL 1488665, at *4 (E.D. La. June 30, 2004); *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D.Miss. 2000). However, reconsideration is not granted unless the moving party shows "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F. 2d 468, 473 (5th Cir. 1989)). Evidence a party could have presented in its original motion, but chose not to, is not considered in a motion for reconsideration. *See Johnson v. Diversicare Afton Oaks*, 597 F.3d 673, 677 (5th Cir. 2015) (only evidence that "[is] actually newly discovered and could not have been discovered earlier by proper diligence" warrants reconsideration).

Here, Plaintiff's re-asserted arguments were properly treated as a motion for reconsideration. The Magistrate Judge had already denied Plaintiff's Motion for Sanctions on the

8

merits. R. Doc. 100. Most of Plaintiff's Objection to the Rule to Show Cause repeated the same rejected arguments about why Bebee should be sanctioned. *See* R. Doc. 104-2 at 7-15; R. Doc. 113. Therefore, the arguments amounted to a motion for reconsideration.

The Magistrate Judge did not err when he denied Plaintiff's motion for reconsideration. Because Plaintiff's Objection to the Order to Show Cause rehashes his original Motion for Sanctions, it can be treated as a "mere [] second attempt to sway the [magistrate] judge," which is insufficient to grant reconsideration. *Pham*, 193 F.R.D at 496; *see also Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 404 (E.D. La. 2022) (denying a motion to reconsider an interlocutory order because the motion merely reasserted arguments the Court had already rejected). The Magistrate Judge was also not required to consider the "new evidence" of Beebe's alleged misconduct. Plaintiff did not suggest he was in any way inhibited from producing such evidence in the original Motion for Sanctions. *See* R. Doc. 113; *Johnson,* 597 F.3d at 677 (the Court can only consider evidence that "is newly discovered and could not have been discovered earlier by proper diligence" during a motion for reconsideration). Even if the Court did, the soundless video does not reveal any improper, unprofessional, or sanctionable conduct.

**4. A $3,500 Sanction Is Not Clearly Erroneous.**

Plaintiff lastly objects to the Magistrate Judge's sanction of $3,500. R. Doc. 121-1 at 22-27. Plaintiff maintains Defendant failed to provide an itemized breakdown of asserted fees, which allegedly does not meet the standard for an award of attorneys' fees. *Id.* at 23. Plaintiff also argues that, because the Magistrate Judge allegedly recognized that Plaintiff's Motion for Sanctions was not frivolous at the June 20, 2024 hearing, this Court lacks authority to award attorneys' fees. *Id.*

9

at 24. At the very least, if any sanction must be imposed, Plaintiff asserts it should be corrective rather than punitive. *Id.* at 26.

Defendant counters that the $3,500 sanction is reasonable, appropriate, and necessary to address Gorum's misconduct. R. Doc. 132 at 13-14. Defendant asserts it spent approximately 27.4 hours "reviewing the deposition of Leson Rebowe, opposing the initial Motion for Sanctions, and preparing for the initial hearing on the Motion for Sanctions, and attending the initial hearing on the Motion for Sanctions." *Id.* Because this figure comes to less than $130 per hour, far less than the market rate, Defendant maintains a $3,500 sanction is reasonable and appropriate. *Id.* Defendant also submits that the sanction is not limited to attorneys' fees because $3,500 does not include all costs, including additional briefing and attending hearings, related to Gorum's misconduct. *Id.* at 14.

When fashioning a sanction, Rule 16(f)(2) provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f). The Court will not award fees and expenses under Rule 16(f) if the failure or noncompliance "was substantially justified or other circumstances make an award of expenses unjust." *Id.*; *see also Gayden v. Galveston Cnty., Tex.*, 178 F.R.D. 134, 138 (S.D. Tex. 1998), *aff'd in part sub nom*. *Gayden v. Galveston Cnty. Texas*, 177 F.3d 978 (5th Cir. 1999). Rule 16(f) sanctions must also be "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997).

The Court finds no clear and unmistakable error with the $3,500 sanction. The Magistrate

10

Judge held that the sanction was not limited to "the cost to Defendant and counsel, but within the well-established goal of deterrence." R. Doc. 115 at 14. The sanction amount is not just an award of attorneys' fees because it fails to include all associated costs related to Gorum's misconduct. *Id.* (explaining the sanction did not account for all of Defendant's costs, which would include "three separate memoranda and appear[ances] at two different live hearings."). Thus, Plaintiff's cited examples on how to calculate an award of attorneys' fees are inapposite. R. Doc. 121-1 at 24-25. Regardless, Plaintiff does not cite any specific evidence that an average of $130 per hour is *below* the prevailing hourly rate in the legal community to prepare for a deposition, oppose an unfounded sanctions motion, and attend the associated hearing on such motion. *See* R. Doc. 121-1 at 24 (offering only general accusations that the amount spent was excessive).

In short, the sanction is valid because Plaintiff should have known Gorum's absences and insistence on re-litigating an unfounded, frivolous, and unreasonable motion for sanctions would incur a cost on Defendant. *See* R. Doc. 113; *see also Stevens v. St. Tammany Par. Gov't*, No. CV 20-928, 2022 WL 9945456, at *6 (E.D. La. Oct. 17, 2022). Accordingly,

**IT IS ORDERED** that Plaintiff's Objection to the Magistrate Judge Judge's Order to Sanction Plaintiff's counsel is **DENIED.**

New Orleans, Louisiana, this 9th day of December 2024.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE